

# THE ATTORNEY GENERAL
## OF TEXAS

March 31, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas   77002

Opinion No.  JM-662

Re:  Authority of  Harris  County
to establish a special "detention
court"

Dear Mr. Driscoll:

Your inquiry presents the following question:

> Whether  the  presiding  judge  of  the  Harris
> County  Criminal  Courts  at  Law  may  appoint  a
> special  judge  or  magistrate  pursuant  to  section
> 75.403 of the Government Code?

Acts 1983, 68th Leg., ch. 676, §1, at 4243; V.T.C.S. art. 1934d.

A  brief  accompanying  your  request  furnishes  the  following
pertinent background information:

> In  November  1986  the  Harris  County  Criminal
> Court at Law Judges instituted a detention hearing
> process  for  Class  A  and  B  misdemeanor  defendants
> detained  in  the  Harris  County  Jail. These hearings
> were  instituted  in  response  to  a  Federal  lawsuit
> filed  by  the  ombudsman  for  the  plaintiffs  in  the
> Harris  County  Jail  lawsuit.  See Alberti v. Heard,
> 406 F.Supp. 649 (S.D. Tex. 1975).
>
>     . . . .
>
> Under  the  provisions  of  section  75.403(e)  of
> the  Government  Code,  the  Harris  County  Criminal
> Court at Law Judges have appointed a special judge
> to conduct these hearings.
>
>     . . . .
>
> The  hearing  officer  conducts  the  hearings  in
> the  Harris  County  Jail,  in  a  specially  designated
> courtroom.   The  hearings  commence  each  weeknight

> at 8:00 p.m. and are held until midnight; on weekends the hearings commence at 10:00 a.m. until 5:00 p.m.  The hearings are open to the public.
>
> When the hearings are conducted during non-business hours and on weekends, all fourteen of the presiding judges are absent from their respective courtrooms.  The hearing officer is sitting for each of the fourteen judges, performing the duties of a magistrate. . . .

In addition to section 75.403 the author of the brief cites articles 30.03, 30.04 and 30.05 of the Texas Code of Criminal Procedure as authority for the appointment of the special judges.

Section 75.403 of the Government Code provides that "the judges of the courts in Harris County that have the same criminal juris-diction as county courts with criminal jurisdiction may select from among themselves a presiding judge."  The manner of selection of the presiding judge and the duties of such positions are delineated. Insofar as is pertinent to your questions, subsection (e) of section 75.403 provides:

> If a judge is absent or for any reason unable to preside, the presiding judge may appoint a special judge to serve as presiding judge.  The qualifications, duties, and powers of a special judge are the same as for the regular judge.  The provisions of Articles 30.04, 30.05, and 30.06, Code of Criminal Procedure, 1965, relating to the oath, compensation, and record of appointment of certain special judges apply to the appointment of a special judge under this subsection.

Article 30.03 of the Code of Criminal Procedure addresses the matter of the selection of a "special judge" when the judge of a county court or county court at law is disqualified, absent or disabled.  Article 30.03 provides:

> Section 1.  When the judge of the county court or county court at law, or of any county criminal court, is disqualified in any criminal case pending in the court of which he is judge, the parties may by consent agree upon a special judge to try such case.  If they fail to agree upon a special judge to try such case, on or before the third day of the term at which such case may be called for trial, the practicing attorneys of the court present may elect from among their number a

> special judge who shall try the case. The
> election of the special judge shall be conducted
> in accordance with the provisions of Article 1887,
> et seq., V.A.C.S.
>
> Sec. 2. In the event a county judge or the
> regular judge of a county court at law created in
> a county is absent, or is for any cause disabled
> from presiding, a special judge, who is an
> attorney, may be appointed by the commissioners
> court of the county.
>
> Sec. 3. The special judge so appointed must
> possess those qualifications required of the
> regular judge of the court and, when appointed
> shall serve for the period of time designated by
> the order of appointment but in no event beyond
> that period of time the regular judge is absent or
> disabled.

Article 1887 referred to in section 1 of article 30.03, now section 24.005 of the Government Code, provides the procedure to be utilized in the selection of a "special judge" by the practicing lawyers of the court when the judge of a district court fails or refuses to hold court.

Article 30.04 of the Code of Criminal Procedure provides that the special judges shall take the oath of office required by the Texas Constitution. Article 30.05 sets forth the entries to be made by the clerk "when a special judge is agreed upon by the parties or elected as herein provided."

While a copy of the order of appointment does not accompany your request, the brief in support of the appointment reflects that the hearings conducted by the special judge "accomplished four objectives":

(1) Determine probable cause for further detention;

(2) Administer the Statutory Warning under Article 15.17, V.A.C.C.P.;

(3) Set bail according to the order of the presiding judges of the various courts;

(4) Grant pre-trial release personal bonds where appropriate.

Section 75.403 expressly provides that the "powers of a special judge are the same as for the regular judge." We are also of the opinion that a "special judge" serving pursuant to article 30.03 possesses the same authority as the regular judge of that court "for the period of time designated by the order." Thus, the power of a special judge serving under either section 75.403 of the Government Code or article 30.03 of the Code of Criminal Procedure would be governed by the provisions therein and any expansion or limitation of the special judge's authority in the order of appointment would be invalid.

Turning to the pivotal issue of whether there is authority for the appointment of a night and weekend special judge to represent all of the fourteen judges in a specially designated courtroom at the county jail, we look first to article V, section 1, of the Texas Constitution. It designates the courts in which judicial power is vested and provides that "[t]he legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof. . . ." Authority for the appointment of the special judge in question must be derived from the legislature. The rationale underlying the appointment of the judge in question appears to be that the fourteen regular judges are absent from their courtrooms during the periods such judge is authorized to serve under the terms of the order of appointment. Under section 75.403(e) absence of the judge is a basis for appointment by the presiding judge of a special judge. Likewise, article 30.03, section 2, provides that absence of a judge is reason for appointment of a special judge by the commissioners court of the county.

Neither your request nor the brief reveals the length of the appointment. From the tenor of both it would appear that it is not for a temporary absence of a judge. The brief reflects that it is for such times as the fourteen regular judges are absent from their courtrooms at night and on the weekends.

It is our opinion that the effect of the order of appointment amounts to an attempt to create a new court. Section 75.403 (as well as article 30.03) does not authorize the "presiding judge" or the "Harris County Criminal Court at Law Judges" to take such action. Section 75.403 (as well as article 30.03) authorizes the appointment of a special judge for an existing court. It does not provide for the appointment of a special judge to represent all of the Harris County Criminal judges at a special courtroom in the jail at night and on weekends. Moreover, any appointment made pursuant to section 75.403 (or article 30.03) vests the special judge with the power of the absent judges for the period of the appointment. It is our opinion that an appointment made pursuant to section 75.403 (as well as article 30.03) can not limit or expand the authority of the special

judge nor can it restrict his authority to act to nights and weekends during the period of the appointment.

## S U M M A R Y

It is our opinion that section 75.403(e) of the Government Code authorizes the presiding judge (named by the judges of the courts in Harris County that have the same criminal jurisdiction as county courts) to appoint a special judge for a judge in an existing court who is absent or for any reason unable to preside. It does not provide for the appointment of a night and weekend special judge to represent all fourteen of the judges (who are absent from their courtrooms at such times) in a specially designated courtroom in the Harris County Jail. Our research does not reveal any statutory authority for the appointment of a special judge to perform the functions outlined in your inquiry.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General